## THE PEOPLE *v.* SIERRA, *alias* CHIQUITO.

### APPEAL from the District Court of San Juan.

No. 227.—Decided March 16, 1910.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—AGE OF INJURED FE-
MALE.—Section 222 of the Penal Code punishes the brutal act of assault
upon a woman with intent to commit the crime of rape, and the age of the
victim is not a circumstance of the crime, but one of the essential and in-
herent elements of the criminal act referred to in said section.

ID.—INJURED FEMALE UNDER FOURTEEN YEARS OF AGE.—In accordance wtih the
foregoing doctrine, the crime defined in section 222 of the Code is committed
by an assault with intent to commit rape upon a child under 14 years of
age the same as an attack upon an older woman.

ID.—ABSENCE OF CONSENT OF AGGRIEVED PARTY.—But the age of the female has
nothing to do with the case in this class of crimes, because the assault or
use of violence completely negatives consent; inasmuch as the woman is a
weak being, under the terrible influence of acts which overcome her will,
and perhaps her understanding, she could not very well give her consent.

ID.—INDISPENSABLE REQUISITES OF INFORMATION.—The indispensable requisites
for an information charging assault with intent to commit rape are the
assault, the clear intent to commit rape, the intention deduced from the
acts and the conduct of the accused who was seen on top of his victim with
his trousers down and his genital organs out.

ID.—DIRECT EVIDENCE—WEIGHING OF EVIDENCE BY THE JURY.—This court will
not reverse the decision of the jury upon a question of fact unless it is an
evident error or the result of partiality, passion or prejudice.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The following information was filed in the above-named
court:

"José Sierra, *alias* 'Chiquito,' is accused by the *fiscal* of the crime
of assault with intent to commit rape, a felony, committed as fol-
lows: The said José Sierra, *alias* 'Chiquito,' in Carolina, within the
judicial district of this court, one day in the month of April, 1908,
then and there did assault and attack Magdalena Mercado, a girl
under 14 years of age, with intent to commit rape."

The defendant pleaded not guilty and asked for a trial by
jury.

The jury was duly empanelled and the trial was held, at which the evidence presented was heard.

The judge then made his charge to the jury, which is correct, and to which no one has objected.

The jury returned a verdict finding the defendant guilty of the crime of assault with intent to commit rape.

Thereupon a motion for a new trial was filed on the ground that the verdict was not supported by the evidence.

The motion was overruled by the judge, who, in view of the verdict of conviction, rendered judgment on September 22, 1908, sentencing José Sierra, *alias* "Chiquito," to imprisonment in the penitentiary at hard labor for two years, with allowance for the provisional imprisonment served by him.

From this judgment and the order denying a new trial the defendant took an appeal to this Supreme Court.

The record contains a statement of facts approved by the trial judge, but the appellant has not filed a brief here, although at the hearing his counsel argued in favor of the reversal of the judgment on the grounds that it had not been established that the girl was under 14 years of age, that the judgment was not supported by the evidence, and that the witnesses who testified at the trial contradicted each other in material points.

The *fiscal* of this court refuted the reasons alleged and maintained the justice of the judgment appealed from.

Section 222 of the English edition of the Penal Code provides as follows:

"Every person who assaults another with intent to commit rape, the infamous crime against nature, mayhem, robbery, or grand larceny, is punishable by imprisonment in the penitentiary not less than one nor more than 14 years."

This is the specific crime which has been prosecuted and punished in this case. As will be observed, what the law punishes is the brutal act of assaulting a woman with the purpose of committing the crime of rape.

The age of the victim is, we have no doubt, a circumstance of the crime, but it does not constitute an element material to, and inherent in, the punishable act referred to in aforesaid section 222.

The crime defined in said article may consist of the assault with intent to commit rape on a girl under 14 years of age as on a woman over said age. And this is so because the attack, the assault or the violence absolutely precludes consent, inasmuch as a weak person, like a woman, could not very well give consent when under the terrible influence of acts which overcome her will and perhaps her understanding.

It is true that the judgment states that the girl is under 14 years of age, but this affirmation is not necessary in this case; it is immaterial; in a word, it is superfluous, and, therefore, there was no need of proving this point at the trial.

The characteristic circumstances of this particular crime are clearly set forth in the information, namely, that the defendant attacked and assaulted the girl with intent to rape her, and this specific charge is sufficient for the defendant to realize the extent of the accusation made against him and place him in a position to defend himself fully against all the aspects of said charge.

The judgment is fully supported by the evidence, because the girl, Magdalena Mercado, as well as the witnesses, Juan Díaz and Teodoro López, all corroborate the facts constituting the indispensable elements of the charge, such as the assault, the attack and the evident intention of raping the girl, an intention which is deduced from the acts and the conduct observed by the defendant, who was seen on his victim, with his trousers down and with his genital organs out.

Nor do we see any material contradiction in the testimony of the witnesses, but even if it did exist, and the verdict were not supported by the evidence, the jury would always remain the sovereign to decide thereon, because the trial is conducted before it, it sees the witnesses, hears them and ascertains all the intimate details, which are the best guarantee of the for-

mation of an exact judgment as to the truth of facts with relation to the defendant.

We have said, on a number of occasions, that as a general rule this Supreme Court will not reverse the decision of the jury on a question of fact unless it be evidently erroneous or the result of partiality, passion or prejudice. (See among other cases that of *The People of Porto Rico* v. *Demetrio Díaz, alias "Leña Verde,"* [12 P. R. Rep., 141], decided March 6, 1907.)

For these reasons, and because we do not find that any material error has been committed which prejudices the rights of the defendant, we believe that the order of the Judge of the First Section of the District Court of San Juan denying a new trial, and his judgment of September 22, 1908, should be affirmed.

*Affirmed.*

Mr. Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.